IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                        : Chapter 13
Michaud, Anthony W.
            Debtor                                       : 19-11574

## CONSENT ORDER

Anthony W. Michaud ("Debtor") by and through his counsel, Mitchell J. Prince, Esquire of John L. McClain & Associates, and The Villas at Packer Park Condominium Assoc. ("VPP") by and through its counsel, Bradford Lare, Esquire of Lare Law, hereby **STIPULATE** and **AGREE** to the following:

1) The Consent Order pertains to Debtor's property located at 2134 Verona Drive Philadelphia, PA 19145 ("Subject Property").

2) As record owner of the subject property, Anthony W. Michaud, is a member of the VPP Association and has an obligation under Uniform Planned Community Act (hereinafter "UPCA"), 68 Pa. C.S.A. §§ 5302 and 5314 to pay for assessments for common expenses.

3) Under the UPCA, 68 Pa. C.S.A. §5315(d), VPP has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due and the association's lien may be foreclosed in a like manner as a mortgage on real estate.

4) On March 15, 2019, Debtor filed the instant Chapter 13 Bankruptcy.

5) On March 20, 2020, VPP, by its counsel, filed a late secured Proof of Claim No. 15 for $17,038.00 for Debtor's pre-petition arrears.

6) On November 15, 2021, the Debtor by his counsel, filed an Adversary Complaint vs. VPP in the Bankruptcy Court; thereafter, Debtor obtained a Default Judgment reducing VPP's claim to a general unsecured claim and avoiding VPP's judgment permanently upon Debtor obtaining a discharge.

7) Debtor claims he was unable to make required post petition payments because the automated payment service would not accept less the the full arrears; therefore, he saved the monthly payments until the issue was resolved.

8) VPP claims Debtor failed to pay his post petition assessments resulting in a balance due of $30,319.61 including unpaid assessments, fines, and attorney's fees and the Association.   (See Attached March 23, 2022 Owner Account Statement).

9) Parties, in an effort to settle this lengthy dispute, agree the balance of the post-petition arrears, to-wit, $30,319.61, shall be cured in full by the Debtor making a reduced lump sum payment to VPP for Nine Thousand Nine Hundred and Sixteen

Dollars, $9,916.00 as full and final settlement of VPP's post petition assessment. Said payment shall be made by Debtor within 15 days of court approval of this Order. VPP will accept the Debtor's payment and once said payment is applied, VPP will change the status of Debtor's account to "Paid in Full".

10) Also, in an effort to settle this lengthy dispute, upon Debtor's timely payment of the agreed upon amount, VPP will mark "Settled" and forgive the Proof of Claim amount of $17,038.00.

11) Once the account is "Paid in Full", Debtor is encouraged to make payments by using www.clickpay.com/firstservice. contact Devlynn Deitrick, Community Manager, at 267-858-3031 or via email at devlynn.deitrick@fsresidential.com for assistance in unlocking the account with www.clickpay.com/firstservice.

12) Debtor shall remain current on all regular post petition VPP assessments, which is Three Hundred and Twenty Dollars and Thirty Cents, $320.30 (absent further adjustments) per month plus any additional applicable assessment.

13) In the event that Debtor fails to make any of the payments set forth above, VPP shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay. Thereafter, VPP may exert its state court rights including filing a complaint in foreclosure with the Philadelphia Court of Common Pleas and the right to collect any and all post petition, current and further assessments, attorneys' fees and related court costs in the event Debtor is not current with VPP Condominium Association assessments .

14) The Parties intend this Consent Order to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

The parties request that this Honorable Court approve this stipulation.

Dated: 5/20/22      _____
                    Bradford Lare, Esquire
                    Attorney for The Villas at Packer Park Condominium Assoc.

Dated: 5/9/22       _____
                    Anthony W. Michaud
                    Debtor

Dated: 5/11/22      /s/ Mitchell J. Prince, Esquire
                    Mitchell J. Prince, Esquire /John L. McClain, Esquire
                    Attorneys for Debtor

Dated: 6/2/22          /s/ Ann E. Swartz, Staff Attorney to Scott F. Waterman, Standing Chapter 13 Trustee
                       Scott F. Waterman, Esquire
                       Trustee

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED that the foregoing Consent Order is approved, shall be, and is made an Order of this Court.

**Date: June 6, 2022**

BY THE COURT:

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE